UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUCILLE MARTIN,						Case No. 1:20-cv-201

    Plaintiff,						Black, J.
								Bowman, M.J.
v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Lucille Martin filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I.    Summary of Administrative Record**

In September 2017, Plaintiff filed an application for Supplemental Security Income alleging a disability onset date January 1, 2002, due to mental and physical impairments. After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On January 15, 2019, ALJ Frederic Roberson held an evidentiary hearing at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff and an impartial vocational expert. On March 5, 2019, the ALJ denied Plaintiff's application in a written decision. (Tr. 15-28). Plaintiff now seeks judicial review of the denial of her application for benefits.

1

Plaintiff was born April 13th, 1976, and was 41 years old at the time her application was filed. (Tr. 27). She reported completing the ninth grade and has no past relevant work. (Tr. 39).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "depression, anxiety, post-traumatic stress disorder and personality disorder." (Tr. 17). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> She is able to understand, remember, and carryout simple instructions; she can perform work allowing for a flexible pace free from strict productivity requirements; she can work in an environment with few or no more than routine workplace changes; she should not be exposed to intense or critical supervision; only occasional interaction with the general public, and only occasional interaction with co-workers and supervisors other than what is necessary for task instruction and completion.

(Tr. 21). Based upon the record as a whole, including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform other work in the national economy including such jobs as janitor, laundry worker, and automobile detailer. Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id*.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by 1) failing to properly evaluate the mental health opinions

2

from Park Center and 2) failing to properly credit the findings of Dr. Predina. Upon close analysis, I conclude that the ALJ's decision should be affirmed.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion .

3

> . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Supreme Court recently confirmed that while the standard requires some quantum that is "more than a mere scintilla," "the threshold for such evidentiary sufficiency is not high." (internal quotation and citation omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time-period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve

4

months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by Substantial Evidence**

*1. Evaluation of mental health opinions.*

Plaintiff argues next that the ALJ failed to properly evaluate the opinions offered by the medical providers at Park Center. Plaintiff's contention lacks merit.

The record indicates that Plaintiff underwent a psychological evaluation at Park Center on May 20, 2016. (Tr. 398). The treatment records from Park Center contains a list of "client limitations" that was signed by Ms. Connie McDaniels, Ms. Heidi Measley, and Dr. Jason Cook. (Tr. 515-517). The report explains that Ms. Martin suffers from chronic medical problems including a profound level of family disruption, a severe degree of work problems including aggressive behavior toward peers and superiors, and severe disruptions in social functioning. (Tr. 515). In fact, the report states that Ms. Martin is "socially disabled." Id. Additionally, Ms. Martin was found to have profound problems with decision making, rendering her unable to currently make decisions. Id. She was found to have a severe psychotic disorder evidenced by delusions and hallucinations. Id.

As noted by the Commissioner, the new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. See 20 C.F.R. § 416.920c (2017). The new regulation at 20 C.F.R. § 416.920c differs from the previous regulation at 20 C.F.R. § 416.927 in several key areas. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific

5

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 416.927(c)(2) with 20 C.F.R. § 416.920c(a), (b). The ALJ is only required to explain how he or she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. §§ 416.920c(b)(2)-(3).

Here, the ALJ reasonably evaluated the medical evidence from Ms. Martin's mental health providers at Park Center. As noted by the Commissioner, the ALJ cited to the mental health opinions from providers at Park Center throughout his decision. (*See* Tr. 19, 20, 23, 24, 25). More importantly, the documentation from Park Center does not constitute a medical opinion identifying specific functional limitations to evaluate. Namely, the Park Center documentation recited Plaintiff's subjective complaints, goals, and progress. The Park Center providers did not make any real medical judgments. As such, the Commissioner argues that the ALJ had no obligation to determine persuasiveness. The undersigned agrees. See *Naddra v. Comm'r of Soc. Sec*., 2016 WL 11268204, *10 (S.D. Ohio Dec. 22, 2016) (citing *Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) ("Since Dr. Naum made no medical judgments, the ALJ had no duty to give such

6

observations [about claimant's gait and ambulation] controlling weight or provide good reasons for not doing so.")).

Based on the foregoing, the undersigned finds that the ALJ reasonably evaluated Plaintiff's mental limitations. As noted above, if substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035. While Plaintiff may disagree with the ALJ, the ALJ's findings in this case were well within the zone of reasonable choices. *See McClanahan v. Comm'r of* Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006). The ALJ's decision is substantially supported in this regard. *See Longworth v. Comm'r of Soc. Sec*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

*2. Evaluation of Dr. Predina's Findings*

Plaintiff's second assignment of error asserts that the ALJ did not account for all of the limitations identified by Dr. Predina.  Plaintiff's assertion is unavailing.

Dr. Leslie Predina, Ph.D., examined Plaintiff on March 13, 2018, at the request of the Social Security Administration. (Tr. 589-594). Dr. Predina reported that Plaintiff's judgment and common sense appeared to be impaired, with minor problems in memory, and limited understanding of arithmetic. (Tr. 593-594). Dr. Predina diagnosed Plaintiff with a major depressive disorder, severe with psychotic features; a borderline personality disorder; and PTSD with dissociative symptoms. (Tr. 594). Dr. Predina opined that Plaintiff would likely have a few problems recalling tasks on a job, and her ability to sustain

7

concentration and persistence were impaired. Id. Dr. Predina also opined that Plaintiff would likely have some problems being able to concentrate and persist on her job responsibilities and will likely struggle to get along with her supervisors and coworkers due to her mental health issues. Id.

In formulating Plaintiff's RFC, the ALJ found Dr. Predina's findings to be 'very persuasive" because it is from an acceptable medical source that actually examined Plaintiff. (Tr. 26). The ALJ further noted that Dr. Predina's findings were well-supported by clinical findings and reasonably consistent with the medical evidence from other sources. The ALJ acknowledged Dr. Predina's opinion that Plaintiff would likely have some problems in concentration and persistence on job responsibilities; however, the ALJ also highlighted that Dr. Predina opined that Plaintiff had only slightly impaired memory and had the cognitive ability to perform comparable jobs to that which she performed in the past. (Tr. 26, 593). The ALJ noted that the record did not support more than mild difficulty maintaining concentration, persistence, and pace. (Tr. 24, 295-354, 359-85, 398-551, 553-75, 596-720). The ALJ also found the state agency assessment at the reconsideration level persuasive. (Tr. 26). The state agency psychologist opined that Plaintiff's concentration was moderately impacted but reasonable for tasks and that she would be capable of unskilled work, which is consistent with the residual functional capacity. (Tr. 86).

As noted above, the Commissioner's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir. 1993). Here, the ALJ's evaluation of the opinion evidence was proper under the regulations and supported

8

by substantial evidence and the ALJ appropriately followed the articulation requirements of 20 C.F.R. § 416.920c(b)(2). Specifically, the ALJ explicitly discussed supportability and consistency. (Tr. 26), which the regulation notes are "the most important factors we consider when we determine how persuasive we find a medical source's medical opinions." 20 C.F.R. § 416.920c(b)(2).

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                           s/Stephanie K. Bowman
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LUCILLE MARTIN, | Case No. 1:20-cv-201 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).