# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LUCILLE MARTIN, | : | Case No. 1:20-cv-201 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 18)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 10, 2021, submitted a Report and Recommendation. (Doc. 18). Plaintiff filed objections on August 24, 2021. (Doc. 13).

Under 28 U.S.C. § 636(b)(1), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, a district court does not need to independently review any of the magistrate's conclusions that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In this social security appeal, the Court must affirm the denial of disability if it is backed by "substantial evidence." *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390

(6th Cir. 2004). Specifically, as the Magistrate Judge accurately states, "if substantial evidence supports the Administrative Law Judge's ("ALJ") denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability." (Doc. 18 at 3, citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)). "Substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*, 375 F.3d at 390 (6th Cir. 2004) (internal citations and quotations omitted).

After reviewing the Report and Recommendations ("the Magistrate Judge's Report"), Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken. (Doc. 13). Plaintiff makes two objections: the Magistrate Judge failed to: 1) evaluate and weigh the opinions provided by Park Center behavioral health personnel; and 2) properly credit the findings of consultative examiner Dr. Predina.

Neither are well taken. Before discussing them in turn, the Court notes that Plaintiff's objections do not seriously challenge the Magistrate Judge's conclusion that "substantial evidence" supports the ALJ's decision. (Doc. 18 at 5). Plaintiff asserts, but provides no evidence or argument, that the failure to weigh the "Park Center" opinions is a "reversible error." (Doc. 19 at 2). The Court cannot agree. Similarly, the Court does not find that Dr. Predina's findings, even if given greater weight by the ALJ, would negate the substantial evidence supporting the non-disability finding. The Court now reviews the Plaintiff's objections in turn.

First, Plaintiff takes issue with the Magistrate Judge's conclusion that certain records from Plaintiff's mental health treatment facility ("Park Center Records"[1]) do not constitute "medical opinions" and thus did not warrant consideration by the ALJ. (Doc. 19 at 2-3). Plaintiff argues that the ALJ is not bound by medical opinions but must evaluate them and determine their persuasiveness. *Id.*; *see* 20 C.F.R. § 404.1520c. It was error, Plaintiff concludes, for the Magistrate Judge to determine that the opinions are "not medical judgments." (Doc. 19 at 2-3).

Having reviewed the record, the Court finds the ALJ did evaluate and weigh the evidentiary value of the Park Center records. While the ALJ does not clearly state whether the Park Center records are "medical opinions," the ALJ nonetheless thoroughly analyzes the information those records provide.

For example, through citations to the Park Center records, the ALJ discusses and often credits Park Center's information on nearly every applicable issue in the case, including Plaintiff's:

- weight and respiratory issues (Certified Administrative Record, Doc. 11, PageID# 56);
- migraines (*Id.*, PageID# 57);

---

[1] The Park Center records come from a behavioral health center that Plaintiff attended. The treatment records from Park Center contain a list of "client limitations" that was signed by Ms. Connie McDaniels, Ms. Heidi Measley, and Dr. Jason Cook. (Docs. 18 at 5; Doc. 11, PageID# 436-589). "The report explains that Ms. Martin suffers from chronic medical problems including a profound level of family disruption, a severe degree of work problems including aggressive behavior toward peers and superiors, and severe disruptions in social functioning." (Doc. 18 at 5).

- ability to apply information and potential delusional thoughts (*Id.*);

- interacting with others, (*Id.*, PageID# 58);

- psychotic episodes or lack thereof (*Id.*); and

- adapting and managing (*Id.*, PageID# 59)

For Plaintiff, it seems the problem is not that the ALJ failed to take account of the Park Center records but that the ALJ <u>did not take them at face value regarding purported impairments</u>.

An example illustrates how the ALJ evaluates the Park Center records. The ALJ credits Park Center records, among other sources, for the notion that Plaintiff has a "moderate limitation" because of her problems "concentrating, persisting or maintaining pace" (*Id.*, PageID# 58) and for Plaintiff's delusional thoughts. (*Id.*, PageID# 493). But the ALJ also uses the Park Center records to evince Plaintiff's "normal perception and thought process" (*Id.*, PageID# 58, PageID# 489) as well as her "normal speech and behavior" (*Id.*, PageID# 58).  The ALJ, furthermore, cites the Park Center records to demonstrate the non-recurrence of clinically observed psychotic symptoms. (*Id.*). In a sentence that again cites the Park Center records, the ALJ writes "…clinical findings since at least early 2017 fail to document objective clinical evidence or observation of psychosis or abnormal behavior." (*Id.*). Having incorporated information from Park Center and other sources, the ALJ concludes the moderate limitation does not, analyzed alongside other considerations, warrant a finding of disability. (*Id.*).

To the Court's eye, the above illustrates how the ALJ *is* evaluating and weighing the Park Center records as part of a "supportability and consistency" analysis. 20 C.F.R. § 404.1520c.[2] Analyses along these lines are consistent throughout the ALJ's decision. (Doc. 11, PageID# 53-66).

Unquestionably, the ALJ failed to include the Park Center sources in the section of his decision where he recited the medical opinions considered. (*Id.*, PageID# 64). It is not clear to the Court whether this was an omission or an implied suggestion that the Park Center records do not constitute medical opinions.[3] Because the Park Center records were thoroughly considered, evaluated and weighed by the ALJ, the Court fails to see the relevance in whether the ALJ technically regarded the Park Center records as medical opinions.[4] As the Magistrate Jude notes, it is generally the case that for disability claims filed after March 2017, like the current one, the Commission "will not give any specific

---

[2] The ALJ also explains, at some length, Plaintiff's treatment history at Park Center, including her treatment plans and documented visits. The ALJ concludes: "overall the claimant's treatment history since at least early 2017 seems somewhat inconsistent with the severity of symptoms and functional limitations she alleges." The Court finds this may as well act as a summary of the persuasiveness the ALJ assigns to the Park Center sources. (Doc. 11, PageID# 63); 20 C.F.R. § 404.1520c.

[3] It is also not clear to the Court whether and where the Park Center records simply record the Plaintiff's subjective reflections; and whether and where they reflect the medical opinions of treating personnel. (*See e.g.*, Doc. 11, PageID #436-589).

[4] The Court is aware that the Commission must analyze medical opinions in a particular fashion according to 20 C.F.R. § 404.1520c. The Court finds, though, the ALJ has substantively met the demands of 20 C.F.R. § 404.1520c, for the reasons explained, in evaluating the Park Center records.

evidentiary weight… to any medical opinions." (Doc. 18 at 6; *see* 20 C.F.R. § 404.1520c).

Accordingly, the Court agrees with the Magistrate Judge that "the ALJ reasonably evaluated the medical evidence from Ms. Martin's mental health providers at Park Center." (Doc. 18 at 6). Moreover, the categorization of those records as "medical opinions" or otherwise would not change the conclusion that the non-disability decision was supported by substantial evidence. For these reasons, Plaintiff's first objection is overruled.

In her second objection, Plaintiff contends that the ALJ's findings do not meaningfully incorporate the evaluation of the consultative examiner, Dr. Predina. This objection restates an argument in the specific assignments of error. (Doc. 13). Moreover, the objection does not reference mistakes made by the Magistrate Judge or address itself to the Magistrate Judge's Report at all.  Accordingly, the Court will only address this issue in brief.

The ALJ found Dr. Predina was "very persuasive." (Doc. 19 at 5).  Despite that finding, Plaintiff suggests, the ALJ's decision is not attentive to Dr. Predina's opinion that Plaintiff "would have an impaired ability to sustain concentration and persistence." (*Id.* at 6). Plaintiff ultimately implies that if Dr. Predina's medical opinion was properly weighed the ALJ would have found Plaintiff disabled.

The Court notes two things in response, both of which were anticipated by the Magistrate Judge's Report. (Doc. 18 at 7-8). First, Dr. Predina's opinions are qualified

and not a clear indication of a disability. As the Magistrate Judge states, Dr. Predina highlighted only slight memory impairment and mild difficulty maintaining concentration. (*Id.* at 8). Moreover, Dr. Predina opined that Plaintiff did have the cognitive ability to perform jobs comparable to those she had performed in the past. (*Id.*). Second, other persuasive evidence supports the ALJ's decision. The Magistrate Judge notes, for example, a state agency psychologist opined that Plaintiff was capable of unskilled work. (*Id.*).

The Court, therefore, sees nothing in Plaintiff's second objection to disturb the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence. Plaintiff's second objection is thus overruled.

Upon consideration of the foregoing, the Court does determine that Plaintiff's objections (Doc. 19) should be and are hereby **OVERRULED** and the Report and Recommendation (Doc. 18) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision is **AFFIRMED**, as that decision is supported by substantial evidence;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:  09/24/2021                                                 *s/ Timothy S. Black*
                                                                                  Timothy S. Black
                                                                                  United States District Judge